UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KARLA A. SAFIE,**

    **Plaintiff,**

vs.                                                           Case No.: 8:12-CV-1542-T-27EAJ

**CAROLYN W. COLVIN**
**Commissioner of Social**
**Security Administration,**[1]

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the undersigned recommends that the Commissioner's decision be reversed and this case remanded for further administrative proceedings.[2]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] The current acting Commissioner of Social Security, Carolyn W. Colvin, is substituted for Michael J. Astrue, former Commissioner of Social Security. See Fed. R. Civ. P. 25(d).

[2] The District Judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**Background**

On September 3, 2008, Plaintiff filed an application for DIB, alleging disability beginning March 2, 2007. (T 26, 108) Plaintiff's application was denied initially and upon reconsideration, and a hearing was held on December 16, 2010. (T 29, 56, 63) Forty years old at the time of the hearing, Plaintiff has a high school equivalent education and past relevant work as a self-employed bill collector. (T 27, 121, 128)

On January 28, 2011, the ALJ found Plaintiff not disabled. (T 28) Although Plaintiff's severe impairments include idiopathic scoliosis, chronic low back pain, degenerative disc disease, bilateral knee pain, medial meniscus tear, endometriosis, and latex allergy, these impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. (T 26)

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform

sedentary work. (Id.) Based on the VE's testimony, the ALJ determined that there were a significant number of jobs in the national economy that Plaintiff could perform, such as a basket filler in the food processing industry and telemarketer. (Id.) The ALJ also found Plaintiff capable of performing her past relevant work as a self-employed bill collector. (T 27) Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (T 28) On June 19, 2012, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 1) The medical and other evidence has been reviewed in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

Plaintiff claims that the ALJ erred in: (1) proceeding with the hearing despite Plaintiff's failure to knowingly and intelligently waive her right to counsel; (2) failing to fully develop the record; (3) failing to properly consider, evaluate, and discuss the medical opinion evidence; (4) discrediting Plaintiff's subjective complaints of pain and other symptoms; and (5) failing to include in the RFC assessment limitations regarding her mental impairments, her need to avoid latex substances, and use of her upper extremities. Plaintiff also submits remand is warranted for the failure of the Appeals Council to consider new and material evidence.[3]

Except for issue one and issue six, a remand is required for a supplemental hearing to address certain deficiencies in the record and the decision of the ALJ which denied Plaintiff a full and fair hearing.[4]

## **Analysis**

---

[3] The issues are addressed in the sequential review process for disability claims, not the order presented in Plaintiff's memorandum of law.

[4] Plaintiff fails to comply with format rules (double spacing) in the memorandum of law. See Local Rule 1.05(a), M.D. Fla.

I.      **Waiver of Right to Representation**

A claimant "has a statutory right, which may be waived, to be represented by counsel at a hearing before an ALJ." Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).

The record establishes that the Commissioner informed Plaintiff of her right to representation and she knowingly and voluntarily waived her right to representation. When the Commissioner denied Plaintiff's claim at the initial and reconsideration levels, the notices advised Plaintiff that she may want help with her appeal and could have a friend, lawyer, or someone else help her. (T 57, 64) The notices stated that groups could find her a lawyer or provide free legal services if she qualified, there were lawyers who did not charge unless she won her appeal, and the Commissioner could give her a list of groups that could help her with her appeal. (Id.) Plaintiff was represented by an attorney during the administrative process prior to the administrative hearing. (T 60-61, 65-71, 74-78) In the hearing notice sent to Plaintiff, the Commissioner again informed her that she might want a person to represent her. (T 84) The Commissioner provided Plaintiff with a pamphlet explaining her right to representation. (T 89-90) At the hearing, the ALJ asked Plaintiff if she was aware of her right to representation and if she desired to proceed without representation. (T 32) In response to both questions, Plaintiff said yes. (Id.) Plaintiff signed a statement waiving her right to representation. (T 105)

Plaintiff had adequate information to allow her to make an independent, informed choice; the ALJ was not obligated to further explain to Plaintiff her right to representation. Plaintiff is not entitled to relief on this issue.

II.     **Development of the Record**

The ALJ has a basic duty to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). The ALJ must probe into all relevant facts, even where a claimant is

4

represented by counsel. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). If the evidence received from a treating source is inadequate to determine whether the claimant is disabled, the Commissioner may recontact the treating source for additional information or clarification. 20 C.F.R. § 404.1512(e) (2011). Although the ALJ has a duty to develop a full and fair record, there must be a showing of prejudice to warrant remand for further development of the record. Robinson v. Astrue, 365 F. App'x 993, 995 (11th Cir. 2010) (per curiam) (unpublished) (citation omitted).[5] "In evaluating the necessity for a remand, we are guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." Brown v. Shalala, 44 F.3d 931, 935 (11th Cir. 1995) (per curiam) (quotations omitted). The likelihood of unfair prejudice may arise if there is an evidentiary gap that "the claimant contends supports her allegations of disability." Id. at 936 n.9.

For the administrative hearing, lasting approximately forty-four minutes, Plaintiff appeared in Tampa, Florida, the ALJ presided over the hearing from Atlanta, Georgia, and the vocational expert appeared by telephone. (T 24, 31, 53) Plaintiff reported a recently discovered severe latex allergy that results in an inability to breathe, coughing, wheezing, and skin redness when she comes into contact with latex or if the substance is airborne. (T 33-34, 204) Plaintiff stated that she is allergic to any materials containing latex, including bandages and rubber bands, and that she carries epinephrine for emergencies. (T 33-34) Having been diagnosed with chronic sinusitis, her allergies include perfume, hand creams, sanitizers, steroids, and anti-inflammatories. (T 38, 40) Given the constant severe pain in her cervical and lumbar spine, Plaintiff testified that she can sit or stand for only two hours and has difficulty walking. (T 34-36) Additionally, she has broken her right knee twice, suffers from arthritis in both knees, and has had multiple surgeries on her knees, but still

---

[5] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36–2.

needs knee replacement surgery. (T 36)  In her dominant right hand, she suffers from arthritis and is unable to write or use a keyboard for long periods of time, feel anything on one side of her index finger, and has difficulties lifting and gripping with her right hand. (Id.)

The ALJ asked the VE whether a hypothetical claimant encompassing all of Plaintiff's limitations could perform work in the national economy. (T 43)  The hypothetical claimant required a sit/stand option, needed to work at home or in an environment without exposure to any irritants, including latex, and could not lift or grip repetitively with the right-dominant hand.  (T 43-44)  The VE testified that such an individual could perform work as a basket filler in the food processing industry. (Id.)  Plaintiff explained that latex gloves worn by custodians in the food processing industry cause latex to become airborne and her to have breathing problems. (T 48)   Ruling out work as a counter clerk because of Plaintiff's allergies to perfume and other substances, the VE stated that very few sedentary jobs exist that do not involve contact with people who wear perfumes or other allergy causing irritants. (T 46)  However, the VE found that such hypothetical claimant could perform work as a telemarketer at home, where she could control her environment. (T 48)  Plaintiff was working from home as a self-employed bill collector, but she stated that the position ended due to the economy. (T 42)

Limiting Plaintiff to sedentary work, with no other restrictions, the ALJ gave considerable weight to the findings and assessments of the treating physicians, the state agency medical consultants' physical assessments, and the psychological consultant's mental assessment. (T 26-27)  As observed by the ALJ, consultative examiner James Melton, Jr., M.D. ("Dr. Melton") opined in November 2008 that Plaintiff could perform sedentary work operating any computer or similar equipment, but could not squat, kneel, climb, crawl, or lift in excess of twenty-five to thirty pounds repetitively on a regular basis. (T 26, 418)  Dr. Melton advised that Plaintiff should not do any

activities requiring considerable grip strength. (Id.)

Although Plaintiff bears a heavy burden, the ALJ failed to fully develop the record resulting in prejudice to Plaintiff. While the brevity of the hearing alone does not indicate a deficiency, the ALJ failed to inquire further about Plaintiff's allergies. On December 3, 2010, Daniel A. Reichmuth, M.D. ("Dr. Reichmuth") opined that no latex products should be in the area where Plaintiff works at any time. (T 213) Plaintiff listed Dr. Reichmuth's address and telephone number on her recent medical treatment form and the medications he prescribed for her allergies. (T 207, 209) The ALJ erred in not following up and obtaining information on Dr. Reichmuth's treatment and limitations regarding Plaintiff's ability to work at home due to her allergies. A remand is needed to obtain further evidence from Dr. Reichmuth to explain his opinion in light of the evidence regarding Plaintiff's allergies. See 20 C.F.R. § 404.1512(e) (2011).

Also, the ALJ's inquiry into Plaintiff's daily activities was not as thorough as it might have been, nor was the ALJ's review of the medical opinion evidence. As Plaintiff points out, the ALJ simply stated that "the undersigned has given considerable weight to the findings and assessments of treating physicians, as they are supported by lengthy treating relationship and medically appropriate diagnostic tests. The State agency medical consultants' physical assessments and psychological consultant's mental assessment are also given significant given [sic] weight." (T 27) The only physician whose findings are specifically addressed in the decision is Dr. Melton, a one-time examining physician. (T 26) Accordingly, the ALJ shall evaluate and discuss the medical opinion evidence and assessments on remand.

Reviewing Plaintiff's complaints of pain and subjective symptoms, the ALJ concluded that "[a]fter considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, however,

the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not fully credible." (T 27)  The ALJ's assessment of Plaintiff's credibility as to subjective symptoms is flawed because the ALJ did not identify the evidence supporting the credibility assessment.  Where an ALJ declines to credit a claimant's testimony regarding subjective complaints, the ALJ must "articulate explicit and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam).

Although the Commissioner justifies in her memorandum of law the evidence supporting the ALJ's determination, these reasons do not appear in the ALJ's decision and may not be considered. (Dkt 14 at 14-15); see Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 896 (11th Cir. 2010) (per curiam) (unpublished) (noting that a court may not accept appellate counsel's post hoc rationalizations for agency actions).  The Court is unable to determine whether substantial evidence supports the ALJ's credibility assessment.  Accordingly, remand is warranted on this issue.

Plaintiff's argument that the ALJ failed to include mental limitations in the RFC assessment is unpersuasive, as her mental impairments are not supported by any record evidence.  Plaintiff does not cite any evidence of her alleged mental impairments.  As for limitations on reaching and manipulation with the right-dominant hand and needing to work at home or in an environment with no allergy irritants, including latex, the ALJ found these limitations supported by the medical evidence and included them in the VE hypothetical.  However, the ALJ failed to include any of these restrictions in the RFC assessment.[6]  This inconsistency requires remand for clarification.

It is true that at a minimum, Plaintiff's past relevant work as a self-employed bill collector

---

[6] The ALJ also included in the VE hypothetical the need for a sit/stand option, but did not include this limitation in the RFC assessment. (T 26, 43-44) The need for a sit/stand option should also be assessed on remand.

8

and the telemarketer job might allow her to work at home, according to the VE, where she could control her environment. And there is no evidence that the basket-filler job identified by VE would expose Plaintiff to latex and other allergy irritants. But the ALJ's failure to address other issues - as noted above - require remand with additional findings at step four of the sequential review process which implicates the ALJ's consideration of the medical record and Plaintiff's credibility, all relevant factors in assessing residual functional capacity. On remand, the ALJ should include any limitations the ALJ finds supported by the medical evidence in the RFC assessment.

Because remand is appropriate for independent reasons, there is no need to reach Plaintiff's argument that the Appeals Council failed to consider new evidence. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam).

## **Conclusion**

As discussed above, the Commissioner's decision is remanded for additional fact-finding as is necessary to complete the sequential evaluation. In reaching this conclusion, however, this Court expresses no views as to what the outcome of the proceedings should be. On remand, each side shall be afforded an opportunity to introduce additional evidence on the issues presented.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)  The decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further proceedings consistent with the forgoing; and

(2)  The Clerk of Court shall enter final judgment in favor of Plaintiff pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand" and close the file. Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993). The final judgment shall state that if Plaintiff ultimately prevails in this case upon remand to the Social Security Administration, any motion for

attorney's fees under 42 U.S.C. § 406(b) must be filed no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney fees. See In re Procedures for Applying for Attorney Fees under 42 U.S.C. §§ 406(b) and 1383(d)(2), No. 6:12-mc-124-CRL-22 (M.D. Fla. Nov. 13, 2012).

**Date: July 26, 2013**

_____
ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. See 28 U.S.C. § 636(b)(1).